IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Carl Whaley, | ) | Case No. 4:24-cv-03965-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nicholas Gallam, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's pro se Petition. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On July 25, 2024, the Magistrate Judge issued a Report recommending that the Petition be summarily dismissed. ECF No. 8. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Petitioner filed objections, and a motion to strike. ECF Nos. 11, 13.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge determined that this action is subject to summary dismissal as repetitious.  ECF No. 8.  As noted by the Magistrate Judge, Petitioner filed a virtually identical cause of action in another case in which summary judgment has been entered.  *See* C/A No. 4:23-cv-02473-JDA.  Judge Austin dismissed Petitioner's § 2241 claims with prejudice.  Accordingly, any § 2241 claims raised in that action are also barred here.

In his objections, Petitioner appears to be requesting specific review of the three years that he has spent in administrative segregation.  ECF No. 11 at 2.  As a conditions of confinement claim, this allegation is inappropriate for federal habeas review.  *See, e.g., See Wilkinson v. Dotson,* 544 U.S. 74, 78–79 (2005) (distinguishing between a § 1983 action and a habeas action challenging "the fact or duration of his confinement and seek[ing] either immediate release from [confinement], or the shortening of his term of confinement" (internal citation and quotation marks omitted)).

Further, Petitioner requests a finding that he has been falsely imprisoned in administrative segregation and criminal prosecution as well as "all other relief to which

Petitioner is entitled." ECF No. 1 at 5. Petitioner has not requested specific relief available in habeas actions. Moreover, Petitioner also has not alleged any collateral consequences from the adjudicated misconduct that could extend his time of civil confinement. *Cf. Varela v. Whalen*, 946 F.2d 888, 1991 WL 213515 (4th Cir. Oct. 23, 1991).

Petitioner further objects to the Magistrate Judge's analysis that he is considered a pretrial detainee. While he maintains that the case cited by the Magistrate Judge does not apply to him, Petitioner offers no other support for his assertion. Accordingly, the Court finds that the Magistrate Judge applied the proper standard of review. *See Tyler v. Byrd*, No. 4:16-cv-0400-MGL-BM, 2017 WL 875859, at *2 (D.S.C. Feb. 14, 2017), *report adopted*, 2017 WL 839535 (D.S.C. Mar. 3, 2017), *aff'd*, 693 Fed. Appx. 247 (4th Cir. 2017) (finding that a detainee in county detention awaiting civil commitment proceedings has a custody status most resembling that of pretrial detainees).

With respect to Petitioner's statements regarding missing documents, the Court is of the opinion that additional documents would not save this action. While Petitioner states that half of the Petition is missing, it appears to be complete. Further, with respect to a missing motion to appoint counsel, the Court cannot rule on something that is not before it.

Petitioner has also requested appointment of counsel in his objections. There is no constitutional right to counsel in a civil case. While a court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be

allowed only in exceptional cases." 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296 (1989). If it is apparent that a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant*, 739 F.2d at 163. Recently, in a § 1983 action, the Fourth Circuit explained that a district court must conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the pro se litigant has a colorable claim, and (2) considering the claim's objective complexity and the pro se litigant's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 31, 2024) (published). The Fourth Circuit made clear that a district court's failure to assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities" is legal error. *Id*. Here, the Court finds, as did the Magistrate Judge, that Petitioner has not presented a colorable claim. Accordingly, the request is denied.

Turning to Petitioner's motion to strike, Petitioner requests that the following portions of documents be struck:

1. "cf. S.C. Code Ann (section) 44-48-170" from ECF Nos. 1 at 6-1 (his Petition),

2. "a/k/a James C. Whaley, #357132" from the Report,

3. footnote 2 of the Report in which the Magistrate Judge discusses that he is considered as a pretrial detainee.

ECF No. 13.

With respect to his first two requests, the Court finds that the inclusion of these statements does not affect the outcome of this action. With respect to the third statement, the Court has ruled upon the propriety of this portion of the Report above. Accordingly, the motion to strike is denied.

## **CONCLUSION**

After de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge. Accordingly, the Petition is **DISMISSED** without prejudice and without requiring Respondent to file a return. The motion to strike [13] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 11, 2024
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.